**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONNELL MCCLOUD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1721 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Donnell McCloud's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, filed by retained counsel Mr. Daniel Juengel. The government filed its Response to the Motion to Vacate and movant filed a Reply, so the matter is fully briefed. The Court held an evidentiary hearing on some of movant's claims on May 3, 2012. For the following reasons, the Court concludes that all of movant's claims are without merit and should be dismissed.

**I. Background**

On February 9, 2008, Donnell McCloud was indicted on one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a). On July 7, 2008, movant filed motions to dismiss the indictment and to suppress evidence and statements. On July 15, 2008, United States Magistrate Judge Frederick R. Buckles held an evidentiary hearing and heard testimony on movant's motions. On August 21, 2008, a superseding indictment was returned charging movant with three counts of Production of Child Pornography in violation of 18 U.S.C. § 2251(a), and three counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B). On September 2, 2008, movant filed motions to dismiss the superseding indictment and to suppress evidence and statements. On

September 4, 2008, Judge Buckles heard additional testimony on these motions. On September 23, 2008, a supplemental evidentiary hearing was held and additional testimony was adduced. On October 2, 2008, another supplemental evidentiary hearing was held and movant testified in support of his motion to suppress. On October 23, 2008, Judge Buckles issued a Report and Recommendation, recommending that the motion to dismiss the indictment and the motions to suppress evidence and statements be denied.

On October 29, 2008, the government filed a Motion in Limine to Exclude "Mistake of Age" Evidence, Argument or Defense. On November 10, 2008, the Court adopted the Magistrate Judge's Report and Recommendation and denied the motions to dismiss indictment and suppress evidence and statements. On November 13, 2008, the Court granted the government's motion in limine to exclude mistake of age evidence.

On November 23, 2008, the day before trial, the government dismissed the three counts of Possession of Child Pornography against movant, and movant filed a Motion for Reconsideration of Prior Ruling Re: Mistake of Age. Trial began on November 24, 2008 and the Court denied movant's Motion for Reconsideration. On November 26, 2008, after three days of trial, the jury found movant guilty as charged on the three counts of Production of Child Pornography. A Pre-Sentence Investigation Report was prepared and on February 24, 2009, a sentencing hearing was held. The Court sentenced movant to thirty years on each of the three counts to run concurrently. On March 3, 2009, movant filed a Notice of Appeal. Movant's appeal asserted five claims:

> (1) the district court erroneously denied his motion for judgment of acquittal at the close of all evidence with respect to Count 5 [Production of Child Pornography involving victim G.D.] because the government failed to produce any evidence that McCloud actually produced the images or otherwise caused the images to be produced; (2) [18 U.S.C.] § 2251(a) is unconstitutional because it does not require knowledge of a minor's age or permit a reasonable-mistake-of-age defense, in violation of the First Amendment and the Fifth Amendment; (3) in the alternative,

the district court erred in not permitting an affirmative mistake-of-age defense, as § 2251(a) does not preclude such a defense; (4) § 2251(a) is an unconstitutional exercise of Congress's authority under the Commerce Clause as applied to McCloud because the memory card and photo paper at issue are not instrumentalities of interstate commence; and (5) even if the memory card and photo paper are "instrumentalities," the government failed to prove they had traveled in interstate commerce.

United States v. McCloud, 590 F.3d 560, 565 (8th Cir. 2009). The Court of Appeals rejected each of movant's contentions and affirmed his conviction on December 29, 2009. Id. at 570. On March 25, 2010, movant filed a petition for a writ of certiorari with the Supreme Court, which was denied on October 4, 2010. McCloud v United States, No. 09-1177 (Oct. 4, 2010). On October 3, 2011, petitioner timely filed the instant Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence. The Motion was accompanied by a Memorandum of Law that sets forth the specific claims.

## II. Grounds

Movant raises the following grounds in his § 2255 Motion, all of which allege the ineffective assistance of trial counsel. Movant asserts that trial counsel:

(1) failed to adequately advise movant as to whether movant should testify on his own behalf, and put movant's testimony on after the close of the government's case-in-chief (Ground 1);

(2) incorrectly advised movant as to the government's burden of proof by incorrectly advising movant that the government would have to prove movant knew the victims were underage, that a mistake of age defense was available for the charges against him, and that such a defense would likely be successful (Ground 2);

(3) failed to provide movant the necessary information from which movant could decide whether he should plead guilty pursuant to the government's plea offer, and incorrectly told movant on the day of trial that he would be exposed to a potential thirty-year sentence if he were to plead guilty (Grounds 1 and 2);

(4) failed to move for a continuance on the first day of trial in order to allow movant to obtain new counsel or to represent himself (Ground 3);

3

(5) failed to challenge issuance of the 2008 search warrant and failed to assert that the 2008 search warrant was not supported by probable cause, and failed to effectively argue that items obtained from the warrantless 2004 search should be suppressed because Theresa Strong did not have actual or apparent authority to consent to the search (Ground 4);

(6) failed to move for dismissal of the indictment on the basis that 18 U.S.C. § 2251(a) is void for vagueness and under the rule of lenity (Ground 5);

(7) failed to object to prejudicial testimony regarding (a) physical assaults and a missing tooth; (b) 2004 allegations against movant that were never charged; (c) evidence of the death of victim G.D.; and (d) the blue bag containing photographs of movant with other women; failed to object when the counts against movant were not renumbered after Counts II, III and IV were dismissed; and failed to object when the prosecutor handed movant a photograph and counsel knew that movant could not see it because he lacked proper eyewear (Ground 6);

(8) failed to explain to movant the limitations on his defense, specifically that the victims' sexual history would not be admissible at trial (Ground 7);

(9) failed to assert viable defenses, by failing to: (a) challenge victim C.W.'s testimony that she and movant took film to Walmart to be developed; (b) challenge the fact that movant did not use Fuji film paper, which was the basis for the exercise of federal jurisdiction over movant; and (c) challenge the fact that movant did not use camera memory cards, which was the basis for the exercise of federal jurisdiction over movant with respect to victim K.G. (Ground 7);

(10) failed to argue the fatal variance in the charging document (Ground 8);

(11) failed to effectively introduce relevant evidence (Ground 9);

(12) failed to obtain eyeglasses for movant so that movant could adequately participate in the defense of his case (Ground 10); and

(13) failed to proffer movant's testimony, without having him testify (Ground 11).[1]

---

[1]Movant's Grounds 8 through 11 are summarily listed on page 3 of the § 2255 Motion, but are not mentioned in the Memorandum in Support.

## III. Evidentiary Hearing

On January 23, 2012, the Court issued an order for an evidentiary hearing on movant's § 2255 motion limited to the claims in Grounds One, Two and Three, as set forth in paragraphs (1)-(4) above. The hearing was held on May 3, 2012. Movant presented the testimony of his sister, Chezia McCloud; his mother, Darlene McCloud; and himself. The government presented the testimony of movant's trial counsel, Robert P. Taaffe, Jr. At the conclusion of the hearing, the parties were ordered to submit proposed findings of facts and conclusions of law on the claims that were the subject of the hearing.

## IV. Findings of Fact

In February 2008, movant was indicted in federal court on one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a), concerning victim K.G. See Doc. 1, 4:08-CR-156 CAS (E.D. Mo.); Gov't Ex. 5. In April 2008, movant retained attorney Robert Taaffe to represent him in state court on statutory rape charges. H. Tr. 108.[2] The defense to the state charges focused on a mistake of age defense, i.e., that movant believed the victim was an adult. H. Tr. 13, 69, 108. Mr. Taaffe discussed this defense with movant and movant's sister, Chezia McCloud. H. Tr. 7, 40, 115. In June 2008, movant was removed from state custody to face the federal charge of Production of Child Pornography. H. Tr. 110; Govt. Ex. 5. In July 2008, Mr. Taaffe had an associate research the possibility of asserting that the necessary interstate nexus for the federal charge was lacking. The research showed, however, that the interstate commerce evidence was sufficient. H. Tr. 111-12; Gov't Ex. 4 at 4. Nonetheless, Mr. Taaffe filed a motion to dismiss the indictment on that basis, but

---

[2]All references to the transcript of the May 3, 2012 evidential hearing are in the following format: "H. Tr.," followed by the page number(s). References to the trial transcript are in the following format: "Tr. Vol. _," followed by the page number(s). References to the sentencing transcript are in the following format: "Sent. Tr.," followed by the page number(s).

did not expect it to succeed. H. Tr. 112. In August 2008, the government filed a superseding indictment containing three counts of Production of Child Pornography in violation of 18 U.S.C. § 2251(a), and three counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B), concerning victims K.G., G.D., and C.W. See Doc. 30, 4:08-CR-156 CAS; Gov't Ex. 5.

Mr. Taaffe pursued a mistake of age defense as long as the possession of child pornography counts were pending because federal law permits a mistake of age defense for possession but not production of child pornography. H. Tr. 112-13. Mr. Taaffe's initial discussions with movant led to the filing of a motion to suppress evidence from a 2004 search. H. Tr. 113. Mr. Taaffe filed multiple motions to suppress and to dismiss the indictment. Gov't Ex. 5. There were multiple hearings on the motions but they were ultimately unsuccessful. H. Tr. 114-15. Mr. Taaffe or his associates met with movant six times in person, excluding court appearances. H. Tr. 108, 151. These meetings included a review of the computer and physical evidence. H. Tr. 76-77. Mr. Taaffe also met with defendant's sister Chezia McCloud or his mother fourteen times. H. Tr. 109.

On October 29, 2008, the Government filed a Motion in Limine to Exclude Mistake of Age Evidence, Argument, or Defense. H. Tr. 118; Gov't Ex. 5. On November 8, 2008, in a meeting between Mr. Taaffe and movant at the jail, Mr. Taaffe reviewed with movant the government's motion in limine to exclude the mistake of age defense. Gov't Ex. 4 at 7. Mr. Taaffe told movant that if the government's motion in limine was granted, he had no defense. H. Tr. 119. On November 10, 2008, the Court denied movant's motions to suppress evidence, motion to suppress statements, and motions to dismiss the indictment. Gov't Ex. 5. November 13, 2008, the Court granted the government's motion in limine to exclude mistake of age evidence, argument or defense. H. Tr. 118; Gov't Ex. 5. On November 16, 2008, in a recorded telephone call, movant and his sister

Chezia McCloud discussed the fact that the government was not going to have to show that movant knew the girls were underage. H. Tr. 20-21; Gov't Ex. 1. By November 16, 2008, movant knew that the Court had excluded the mistake of age defense as to all three victims. H. Tr. 73. Mr. Taaffe correctly advised movant that the mistake of age defense had been excluded.

On Friday, November 21, 2008, with the trial set to begin on Monday, November 24, 2008, movant met with Mr. Taaffe, the Assistant U.S. Attorney prosecuting the case, the case agent and a St. Louis Metropolitan Police detective. The purpose of the meeting was for movant to provide information about victim G.D.'s death. H. Tr. 78. Movant never provided any information of value. Id. During the meeting, the Assistant U.S. Attorney told movant that mistake of age was not a defense. H. Tr. 80. The Assistant U.S. Attorney also offered movant a plea deal under which movant would plead guilty to one count as to victim K.G.. H. Tr. 52. Movant knew the statutory minimum sentence for the crime was fifteen years. H. Tr. 53. The Assistant U.S. Attorney told movant that if he went to trial he would receive a sentence of thirty years, but that if he pled guilty, he could throw himself on the mercy of the Court and argue for the minimum sentence of fifteen years. H. Tr. 80, 129-30. Movant responded that whether he got fifteen years or thirty years, it was all the same, it didn't matter. H. Tr. 81, 130-31.

On Sunday, November 23, 2008, Mr. Taaffe filed a motion for reconsideration of the Court's ruling on the government's motion in limine as to mistake of age, and the motion was denied on the first day of trial. H. Tr. 119; Gov't Ex. 5. After the mistake of age defense was excluded and before trial began, Mr. Taaffe again told movant and his mother that there was no defense at trial. H. Tr. 119-20. Mr. Taaffe discussed with movant that if he pled guilty, he could argue for the statutory minimum of fifteen years despite the fact that the Sentencing Guidelines called for a longer sentence. H. Tr. 120. Mr. Taaffe told movant that if he went to trial he would get thirty years, so

he was betting fifteen years that he would prevail on appeal, and Mr. Taaffe's research indicated that the circuit courts of appeal were not on their side. H. Tr. 120. Mr. Taaffe had this conversation with movant before trial and after the motion for reconsideration had been denied. H. Tr. 121. Mr. Taaffe told movant that if he went to trial, he would lose. H. Tr. 122.

On the morning of trial, after Mr. Taaffe told movant that he could not get the mistake of age defense in, movant still wanted to go to trial. H. Tr. 125. Mr. Taaffe testified there were no other potential defenses to the charge, and "the only thing we could do would be to slime in the [mistake of age] defense somehow," try to get before the jury that movant didn't know how old the victims were and "seek some sort of jury nullification." Id. He continued to advise movant that they would lose the trial. H. Tr. 126.

Movant could not accept the idea of pleading guilty and serving at least a minimum of fifteen years. H. Tr. 121, 124. Movant was despondent and apathetic and wanted a trial despite Mr. Taaffe's statement that he would lose at trial and receive a thirty-year sentence. H. Tr. 121. Movant wanted to mount a defense that he did not take the videos or photographs and that this could not be proved. H. Tr. 122. Mr. Taaffe did not consider this to be a viable defense because victims K.G. and C.W. stated that movant took the videos and photographs and movant's voice was on the videos. H. Tr. 85, 123; Tr. Vol. II 39, 40, 99. Mr. Taaffe told movant he was "not even going in that direction" because of the victims' statements, and Mr. Taaffe had viewed the videos and movant was in them and his voice was in them. Mr. Taaffe testified, "It just wasn't a viable defense." H. Tr. 123. Mr. Taaffe continued to tell movant that if he went to trial he would lose, but he did not tell movant that he must plead guilty. H. Tr. 124. Movant knew that the minimum sentence was fifteen years but he never indicated to Mr. Taaffe that he was willing to plead to a sentence of at least fifteen years. Id.; H. Tr. 53.

On the day before trial, movant's sister Chezia McCloud told him that he should not plead guilty because he still had state charges outstanding. H. Tr. 23, 24. That was her last advice to movant concerning whether he should plead guilty. H. Tr. 24. Movant's mother Darlene McCloud testified that on the first day of trial, after the Court denied movant's motion for reconsideration, Mr. Taaffe told her, movant and her other daughter, Tamara McCloud, that he recommended movant not plead guilty because the Court was wrong in excluding the mistake of age evidence, and he was sure they would win on appeal on that issue. H. Tr. 28-29. Darlene McCloud also testified that Mr. Taaffe told them the mistake of age evidence could still come in and it was still a defense, despite the Court's ruling. H. Tr. 32. Darlene McCloud testified that movant listened to Mr. Taaffe's advice not to plead guilty. H. Tr. 32-33. She also testified, however, that movant never wanted to plead guilty, H. Tr. 33, and "needed to reserve his right to appeal" the mistake of age ruling. H. Tr. 34.

Movant testified that Mr. Taaffe told him the chances were still excellent of getting in a mistake of age defense based on the motion for reconsideration that was pending at the time of his meeting with the Assistant U.S. Attorney. Movant further testified, "[I]f I really found out that none of my defenses was viable then it would have been stupid not to take 15, and I could have received 30. It would just kind of been stupid if I had no viable defenses left." H. Tr. 53.

The Court having heard the testimony and observed the demeanor of the witnesses, and being familiar with the underlying criminal case, finds Darlene McCloud's testimony that Mr. Taaffe advised movant not to plead guilty on the morning of trial and stated that he was sure to win on the mistake of age issue on appeal is not credible or worthy of belief. The Court also finds movant's testimony not credible that Mr. Taaffe told him there was an excellent chance of the Court granting his motion for reconsideration as to exclusion of the mistake of age defense. Further, the Court does

not believe movant's self-serving testimony that he would have pleaded guilty if he had known he had no viable defenses. The evidence shows that movant did not want to plead guilty at any time.

On the morning of trial, Mr. Taaffe showed movant the Sentencing Guidelines manual and that the guideline sentence was close to thirty years. H. Tr. 142. Mr. Taaffe informed movant of the Guideline range of sentence and statutory minimum sentence, and told him they could argue for the minimum sentence. H. Tr. 143. The Amended Final Presentence Investigation Report (PSR) found the total offense level to be 44. If movant had pled guilty and received a two-level reduction for acceptance of responsibility, his total offense level would have been 42. With movant's Criminal History Category of I, his sentencing guideline range would have been 360 months to life. The statutory range of punishment is fifteen to thirty years for each of the three counts of Production of Child Pornography. Mr. Taaffe correctly advised movant of the sentencing exposure if he pled guilty.

Mr. Taaffe believed that it made no difference in the outcome of the trial if movant testified or not, because if the jury followed the instructions, movant would be convicted. H. Tr. 127. Mr. Taaffe believed that movant's testimony might humanize him before the jury and advised movant that might be advantageous to him. H. Tr. 127. Mr. Taaffe did not tell movant that he should testify because he had nothing to lose. H. Tr. 152. Mr. Taaffe left the decision whether to testify up to movant. H. Tr. 57, 152. Before movant testified, Mr. Taaffe again told him that mistake of age evidence was not admissible. H. Tr. 127. Movant decided to testify because Mr. Taaffe didn't advise him not to, and because Mr. Taaffe had said "it would probably be a good idea to get the jury to humanize" him. H. Tr. 90.

Movant testified that he asked Mr. Taaffe to seek a continuance on the first day of trial after the motion for reconsideration was denied. H. Tr. 85. Movant testified that he believes Mr. Taaffe

asked for a continuance and the Court denied it. H. Tr. 86. Movant testified he at first wanted a continuance to go over other defenses than mistake of age, and then wanted a continuance to hire another attorney. H. Tr. 85. Movant had contacted another attorney, his § 2255 counsel Mr. Juengel, nine months before trial but did not retain Mr. Juengel at that time or have any further communication with him prior to trial. No attorney was ready to enter an appearance for movant on the first day of trial. H. Tr. 87. Mr. Taaffe testified he has no memory of movant telling him that he wanted a continuance on the first day of trial. H. Tr. 129. The record in the underlying criminal case does not contain any reference to a request for a continuance.

Movant was charged with three counts of Production of Child Pornography involving three separate victims and episodes. One of the victims, G.D., was deceased by the time of trial. The government presented evidence from Detective Karon Crocker that she met G.D. when G.D. was fourteen years old and that ninety-six of the child pornography photographs from petitioner's blue bag depicted G.D. Tr. Vol. II 58, 65. Detective Crocker testified that she saw G.D. sign her name on the back of photographs of G.D. that were introduced into evidence. Tr. Vol. II 69-70. FBI Special Agent Ann Pancoast introduced the certified birth certificates of all three victims, including G.D., and the death certificate of G.D. Victims K.G. and C.W. testified that petitioner took photographs or videos of each of them engaged in sex acts with him. Tr. Vol. II 39, 99. The child pornography photographs of victim C.W. were found in the same blue bag as those of victim G.D. Tr. Vol. II 84.

Mr. Taaffe made a motion for acquittal at the end of the government's case on Count V concerning victim G.D., the deceased victim, on the basis of insufficient evidence. The motion was denied. Tr. Vol. II 112. Movant then presented Greg Chatten, a computer expert, who testified that his analysis of movant's computer use did not show that movant was seeking minor females. Tr.

Vol. II 125-26. After Mr. Chatten's testimony, movant, through counsel, told the Court that he was unable to decide if he wanted to testify. Tr. Vol. II 138. Movant finally told the Court that he "would like to testify if I could testify tomorrow, sir." Tr. Vol. II 142. Mr. Taaffe did not tell movant that his testimony would waive any argument that the Court had incorrectly denied his motion for acquittal on Count V at the close of the government's case-in-chief. H. Tr. 128. Mr. Taaffe concluded that a dismissal of Count V involving G.D. would have no impact on movant's sentencing guidelines because the Court could consider uncharged crimes. Id. Mr. Taaffe determined that movant would still be facing a thirty year or life sentence. Id.

On the final day of trial, movant's former girlfriend Makala Todd testified that movant had not held victim K.G. against her will. Tr. Vol. III 10-11. Movant then took the stand and testified. Movant admitted he had taken photographs of C.W. in the nude and engaged in oral sex, nude photographs of G.D., and videos of K.G. engaged in sex acts. Tr. Vol. III 37, 39, 40, 42, 44. Movant denied that the photographs of G.D. and K.G. admitted in evidence were those photos, however. Tr. Vol. III 38, 42. Movant's testimony repeatedly attempted to bring in mistake of age issues. Tr. Vol. III 16, 20, 22, 31, 32, 35; H. Tr. 30. Movant's testimony that he had taken child pornography photographs but not the photographs on Fujifilm paper as charged in the indictment was a surprise to Mr. Taaffe and came from movant. H. Tr. 129.

After the trial movant wrote Mr. Taaffe a letter that stated in pertinent part:

Let me start off by thanking you for representing me. I thought your cross on the government witnesses [sic] was above and beyond normal standards. Your closing arguments, what can I say but outstanding. My only fault I thought in closing was that you didn't point out that the only person to state I used the camera was KG, and you already did a superb job at pointing out her untruthfulness.

Gov't Ex. 2 at 1; H. Tr. 94.

The letter also stated:

> Basically you did good with what you had to work with. Everyone fumbles at times
> but this is my life. I don't want to discuss what should be said at sentencing at all,
> never. I refuse to plea at all to that [ ] character of a judge. Let them give me
> whatever, I don't care. So please don't waste either one of our time with that issue.

Gov't Ex. 2 at 6; H. Tr. 95.

At sentencing, movant continued to protest both the exclusion of the mistake of age defense

and the fifteen-year statutory minimum:

> Fifteen years as a minimum, 15. I look at that. My kids will be grown. They are
> going to be out of school in 15 years. I didn't -- I didn't set up -- people say if you
> didn't do a crime, why plead guilty to it. Everybody uses excuse, money issues,
> things like that.

Sent. Tr. 27-28.

## IV. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was

imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction

to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the

sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255,

the errors of which the movant complains must amount to a fundamental miscarriage of justice.

Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The

Supreme Court has stated that "a collateral challenge may not do service for an appeal." United

States v. Frady, 456 U.S. 152, 165 (1982).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context

of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an

ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was

deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208

F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court

may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Statements that are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Apfel, 97 F.3d at 1077.

"Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists. The district court is not permitted to make a credibility determination on the affidavits alone; thus if the decision turns on credibility, the district court must conduct a hearing." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (internal citations omitted). "An evidentiary hearing may be denied, however, if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. 28 U.S.C. § 2255(b)." Id. "The court may find this conclusive showing if either "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Id. (citations omitted).

## V. Conclusions of Law

### A. Ground One

In Ground One, movant alleges that trial counsel (1) failed to adequately advise movant as to whether he should testify on his own behalf, and (2) put movant's testimony on after the close of the government's case-in-chief, which waived movant's ability to challenge the sufficiency of the government's evidence on appeal.

#### 1. Advice to Testify

Criminal defendants have a constitutional right to testify on their own behalf. Rock v. Arkansas, 483 U.S. 44, 49 (1987). An accused has the "ultimate authority to make certain fundamental decisions regarding the case[.]" Jones v. Barnes, 463 U.S. 745, 751 (1983). "The attorney, on the other hand, has the responsibility of making tactical decisions of trial strategy." Thomas v. United States, 737 F.3d 1202, 1208 (8th Cir. 2013) (cited cases omitted). The four fundamental choices that remain with a defendant are the decisions "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." Thomas, 737 F.3d at 1208 (quoting Jones, 463 U.S. at 751).

The record shows it is undisputed that movant's counsel made him fully aware of his right to testify or not to testify in his own behalf, and that the decision was movant's to make. Mr. Taaffe testified that after the mistake of age defense was disallowed and movant elected to proceed to trial, he knew movant would lose if the jury followed the instructions given to it, and informed movant that he would lose. Mr. Taaffe told movant that if he testified, it might humanize movant in front of the jury and offer the possibility of jury nullification, and movant agreed with this strategy. Nonetheless, movant was undecided on the second day of trial as to whether he wanted to testify. The Court gave movant time to decide whether he wanted to testify and movant eventually stated

that he would like to testify on the following morning, and ultimately did so. Movant testified among other things that he didn't take the photographs, and attempted to inject mistake of age into the case on multiple occasions.

There is a presumption that attorneys provide effective assistance of counsel, and courts will not second-guess strategic decisions or exploit the benefit of hindsight. Payne v. United States, 78 F.3d 343, 345 (8th Cir. 1996). An attorney is not incompetent in exercising reasonable professional judgment even when, in hindsight, the decision may have been a mistake. Brown v. United States, 656 F.2d 361, 363 (8th Cir. 1981). Here, trial counsel adequately advised movant as to whether he should testify in this case. Counsel correctly concluded that the government's evidence in its case-in-chief would lead to a conviction and informed movant of this. Given the overwhelming evidence against movant and his lack of interest in pleading guilty, as discussed more fully *infra*, counsel's advice that movant's testimony might humanize him to the jury and possibly lead to jury nullification was within the realm of reasonable professional advice. Reasonable trial strategy does not constitute ineffective assistance simply because it is not successful. Graham v. Dormire, 212 F.3d 437, 440 (8th Cir. 2000).

In Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992), the defendant chose to testify and it resulted in the extraction of self-incriminating testimony concerning the defendant's participation in and preparation for the crime. The court found that the defendant failed to show his counsel did not weigh the possible harm of the testimony against the defense theory of the case. Id. In addition, the court found that the defendant failed to show the outcome of the case would have been different if the defendant had chosen not to testify, because the jury had considerable evidence before it to find the defendant guilty. Id.

Here, movant does not show that Mr. Taaffe failed to consider the possible harm of the testimony against the defense theory of the case, as Mr. Taaffe concluded that if the jury followed the Court's instructions, movant would be found guilty whether he testified or not, and there was a chance movant's testimony would humanize him for the jury. Movant therefore does not establish that his trial counsel's performance was deficient.

Movant also does not establish that if his attorney had advised him not to testify, there is a reasonable probability the result of the case would have been different. The evidence against movant was overwhelming, as both K.G. and C.W. testified that movant took photographs or videos of them engaged in sex acts, the photographs and videos were found in movant's possession, K.G. and C.W. identified the images, and movant's voice was heard on the videos of K.G. The evidence as to G.D. was circumstantial because G.D. was deceased. As Mr. Taaffe correctly concluded, however, movant's conviction on Count V concerning G.D. had no effect on the sentencing guidelines because the range was already at thirty years to life. Even if trial counsel should have detailed more exhaustively the potential advantages and disadvantages of movant testifying, no prejudice resulted from his actions because the outcome of the trial would have been the same. Movant does not establish ineffective assistance of counsel on this ground.

## 2. Waiver of Challenge to Denial of Motion for Acquittal

Movant appealed the denial of his motion for acquittal concerning the sufficiency of the evidence on Count Five, the Production of Child Pornography charge with respect to deceased victim G.D., made at the close of the government's case-in-chief. The Eighth Circuit Court of Appeals stated that movant's choice to present evidence permitted the appellate court to consider all the evidence, including movant's admissions during his testimony. McCloud, 590 F.3d at 565. The Court of Appeals rejected the sufficiency of the evidence claim. Id. at 566. Movant now claims

that Mr. Taaffe was ineffective for failing to advise him that his testimony waived his ability to appeal the denial of his motion for acquittal at the close of the government's case-in-chief as to Count Five.

Movant's claim is without merit. Movant's presentation of the computer expert and his former girlfriend as defense witnesses had already waived his objection to the denial of his motion for acquittal at the close of the government's case, before movant ever testified. See McCloud, 590 F.3d at 565 (defendant's decision to present evidence after denial of a motion for acquittal operates as a waiver of a defendant's objection). While Mr. Taaffe did not advise movant that his testimony would waive his objection to the denial of the motion, movant's decision to testify could not be influenced by a potential waiver of his motion for acquittal because that waiver had already occurred when movant presented other rebuttal evidence the day before he testified. Movant does not allege that trial counsel should have advised him that the presentation of any evidence would constitute a waiver of his objection to the denial of the motion for acquittal on Count Five.

Mr. Taaffe testified that he knew the dismissal of Count Five would have no effect on movant's sentence because the sentencing guideline calculations were at thirty years to life with or without Count Five. Movant cannot show prejudice from counsel's actions because the government presented sufficient evidence to support Count Five before movant testified. In addition, trial counsel was correct that even if Count Five had been dismissed, the dismissal would have had no effect on movant's sentencing guidelines and the ultimate sentence of thirty years imposed by the Court. The Amended Final Presentence Investigation Report (PSR) found movant's total offense level to be 44. PSR at 6-9 (Doc. 118 in 4:08-CR-156 CAS). If Count Five had been dismissed and if the Court had *not* considered the dismissed conduct, movant's total offense level would have been 43. With a Criminal History Category of I, movant's sentencing guideline range would have been

life.  Mr. Taaffe correctly determined that a dismissal of the count involving G.D. would have no impact on movant's sentencing guidelines.  Movant therefore fails to establish prejudice as a result of his counsel's actions.

B.  Availability of Mistake of Age Defense

In Ground Two, movant asserts that trial counsel incorrectly advised him that the government would have to prove he knew the victims were underage, that a mistake of age defense was available for the charges against him, and that such a defense would likely be successful.

Counsel correctly advised movant that mistake of age was a defense to the Possession of Child Pornography charges against him.  The government filed a motion to exclude the mistake of age defense on October 29, 2008, approximately one month before trial.  Mr. Taaffe met with movant on November 8, 2008, and informed him that if the government's motion in limine was granted, movant had no defense to the Production of Child Pornography counts.  Counsel opposed the government's motion in limine, but the Court granted the motion on November 13, 2008, eleven days before trial.  Counsel then advised movant that the mistake of age defense had been excluded and the government would not have to prove that movant knew the victims were underage.  Based on the recorded conversation between movant and his sister Chezia McCloud on November 16, 2008, movant knew that the Court had excluded the mistake of age defense as to all three victims. The government then dismissed the Possession of Child Pornography charges against movant the day before trial, the only charges for which mistake of age could be a defense.  Trial counsel filed a motion for reconsideration and it was denied on the first day of trial.  Counsel correctly advised movant that evidence or argument concerning mistake of age would not be admitted and that he would lose if he proceeded to trial.

At the time of the trial, the state of the law concerning mistake of age as a defense to federal charges of production of child pornography was uncertain. There was no Eighth Circuit precedent holding that mistake of age was not a defense in federal production of child pornography cases. To the Court's knowledge, U.S. District Judge Henry Autrey's order granting the government's motion in limine to exclude mistake of age evidence in <u>United States v. Devin C. Wilson</u>, No. 1:07-CR-53 HEA (E.D. Mo.) (Doc 87), was the only ruling in the Eighth Circuit that mistake of age was not a defense in production of child pornography cases.[3] In <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64, 77 n.5 (1994), the Supreme Court had discussed the mens rea of Section 2251 in a footnote, in dictum. Several months after the trial of this case concluded, the Eighth Circuit held the mistake of age defense was precluded in federal production of child pornography cases. <u>United States v. Wilson</u>, 565 F.3d 1059 (8th Cir. 2009). Therefore, trial counsel's development of a mistake of age defense was not outside the realm of reasonable professional advice given the lack of precedent existing at the time, and counsel adequately informed and advised movant when that defense became unavailable.

In <u>Malloy v. United States</u>, 2011 WL 2885005 (D. Md. July 15, 2011), the petitioner was convicted in September 2007 of production of child pornography. Malloy claimed that his counsel failed to explain to him that the mistake of age defense was not available to him. <u>Id.</u> at *2. Malloy initially accepted a plea offer to a lesser charge but approximately two hours later decided to withdraw it, and following a jury trial was convicted and sentenced to 180 months imprisonment. <u>Id.</u> at *1. In his motion to vacate under Section 2255, Malloy asserted that trial counsel was

---

[3]Judge Autrey's order was memorialized only by a courtroom minute sheet, <u>see</u> <u>United States v. Devin C. Wilson</u>, No. 1:07-CR-53 HEA (E.D. Mo.) (Doc 87), and therefore was not readily available.

ineffective for failing to recognize that a mistake of age defense was unlikely to be successful in the face of unfavorable Supreme Court law. Id. at *3. The district court rejected the claim, stating that both "Petitioner and his counsel were quite aware that the mistake of age defense was unavailable" because the court had granted the government's motion to preclude the defense. Id. at *3. The court stated that "counsel well understood what was at stake and presented Petitioner with what appeared then and certainly now in retrospect [appears now] to be a reasonable plea offer." Id. The court concluded that petitioner failed to establish that his trial counsel committed any errors or that he suffered any prejudice as a result of any alleged errors. Id. at *4.

The instant case is similar to Malloy. Both counsel pursued a mistake of age defense but then had to advise their clients the mistake of age defense was unavailable after the government persuaded the court to exclude the defense. Both counsel attempted to obtain a favorable plea disposition for their clients. Both clients rejected these efforts, proceeded to trial and were convicted. Movant fails to establish ineffective assistance of counsel as to this ground.

C. Advice Regarding Plea Offer

In Grounds One and Two, movant also asserts that trial counsel was ineffective for failing to provide him with the necessary information from which he could decide whether to accept the government's plea offer, and for incorrectly telling movant on the day of trial that he would be exposed to a potential thirty-year sentence if he were to plead guilty.

The Strickland two-part test applies to ineffective assistance claims arising out of representation during the pre-trial plea process as well as to other ineffective assistance claims. See Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). In Lafler, the Supreme Court stated that in circumstances in which the ineffective assistance of counsel lead to the rejection of a guilty plea offer and a subsequent trial:

> [A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

132 S. Ct. at 1385. "[A] defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea bargain agreement would have resulted in a lesser sentence." Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (citing cases). To establish prejudice, however, movant must show that, but for his counsel's actions, he would have accepted the plea. Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen, 68 F.3d at 241).

Here, trial counsel provided movant with the necessary information to decide whether he should accept the government's plea offer. Counsel informed movant that the mistake of age defense had been excluded and there were no other defenses, and if he proceeded to trial he would be found guilty and receive a sentence of thirty years. Counsel correctly told movant that if he pled guilty he could argue for the statutory minimum sentence of fifteen years, but also that a plea of guilty would expose him to a potential thirty-year sentence.

Movant told counsel that he did not wish to plead guilty. He told counsel that he wanted a trial. Movant told counsel and the Assistant U.S. Attorney that, as far as he was concerned, a fifteen-year sentence and a thirty-year sentence were the same. Counsel told movant that if he went to trial, he would be betting fifteen years the conviction would be reversed based on exclusion of the mistake of age defense. Counsel also told movant the circuit courts of appeal that had decided the issue were against him. Counsel provided movant with the information necessary to decide whether he should proceed to trial or plead guilty and argue for a non-guideline sentence.

Movant has not offered direct evidence in the instant § 2255 proceeding that he would have pled guilty if his counsel had told him the mistake of age defense was hopeless. Movant has not testified that he was willing to admit guilt, and offered only the following equivocal and self-serving testimony: "[I]f I really found out that none of my defenses was viable then it would have been stupid not to take 15, and I could have received 30. It would just kind of been stupid if I had no viable defenses left." H. Tr. 53. See Engelen, 68 F.3d at 241 (finding insufficient evidence of prejudice, in part because movant "made no direct assertion that he would have pled guilty if his counsel had provided him with additional information concerning the risks of trial"); see also Apfel, 97 F.3d at 1076 (self-serving statements unsupported by evidence do not establish a basis for relief under § 2255); Moses v. United States, 175 F.3d 1025 (8th Cir. 1999) (Table) (self-serving statement that § 2255 movant would have accepted plea agreement if counsel had explained all aspects of it was conclusory and "not the sort of objective evidence required to establish a reasonable probability that he would have accepted the plea agreement absent his counsel's allegedly deficient performance.").

The letter movant sent to Mr. Taaffe following his conviction is further evidence that movant was apathetic concerning the sentence he might receive.[4] The letter supports the testimony of Mr. Taaffe and contradicts movant's testimony at the 2255 hearing. The Court notes that at sentencing, movant protested at length that he thought the victims were over eighteen, although he admitted he was looking online for females age seventeen or older, Sent. Tr. 30; he didn't think he was breaking

---

[4]The letter states in pertinent part, "I don't want to discuss what should be said at sentencing at all, never. I refuse to plea at all to that [ ] character of a judge. Let them give me whatever, I don't care. So please don't waste either one of our time with that issue." Gov't Ex. 2.

the law, the trial was unfair and the punishment was too severe.  See id. 26-33.  Movant also addressed the fifteen-year statutory minimum:

> Fifteen years as a minimum, 15.  I look at that.  My kids will be grown.  They are going to be out of school in 15 years.  I didn't -- I didn't set up -- people say if you didn't do a crime, why plead guilty to it.  Everybody uses excuse, money issues, things like that.

Sent. Tr. 27-28.  Nothing movant said at sentencing indicates he would have been willing to plead guilty or to accept a fifteen-year sentence.

In addition, movant's mother, Darlene McCloud, testified that she was not aware movant ever wanted to plead guilty, and that he did not want to plead guilty because he "needed to reserve his right to appeal" exclusion of the mistake of age defense.  H. Tr. 34.  Movant's sister, Chezia McCloud, testified that her recommendation to movant the day before trial began was that he not plead guilty because state charges were still pending against him.  H. Tr. 23.

"It is a defendant's absolute right to plead not guilty and to persist in that plea.  However, the fact that a defendant later regrets foregoing a plea offer and proceeding to trial is not evidence of ineffective assistance of counsel."  United States v. Lefkowitz, 289 F.Supp.2d 1076, 1088 (D. Minn. 2003) (internal citation omitted), aff'd, 446 F.3d 788 (8th Cir. 2006).  Counsel's performance was not outside the realm of reasonable professional assistance in his advice to movant concerning the risks and benefits of a guilty plea compared to a trial.  Movant has failed to show that he would have pled guilty; in fact, he clearly manifested his intent to go to trial despite counsel's advice that he had no defenses, would lose and probably face a longer sentence.

In addition, movant has failed to show a reasonable probability that the sentence imposed after a plea would have been less than the sentence imposed after trial.  Given the nature and severity of the charges and the number and age of the victims, the Court would not have sentenced movant

to a term of fifteen years if he had pled guilty. The Court noted at sentencing that while movant was not a pedophile in the technical sense of the term, he had engaged in repeated behavior of having sexual relationships with underage young women and photographing or taking videos of his sexual encounters with the victims; that movant did not believe what he was doing was wrong, but the behavior was wrong and movant knew or learned the victims were under the age of eighteen; and movant repeatedly placed himself in a position to have contact and sexual relationships with underage young women. Sent. Tr. 38-39. The Court stated that the fifteen-year outside-the-Guidelines sentence trial counsel requested might be more appropriate for a statutory rape case, but "not this kind of case." Id. 39.

Movant has failed to show ineffective assistance of counsel on this ground.

D. Failure to Obtain Continuance to Allow Movant to Obtain New Counsel or to Represent Himself

In Ground Three, movant alleges that his trial counsel was ineffective for failing to move for a continuance on the first day of trial to allow him to obtain new counsel.

As a threshold matter, movant contradicted the basis of Ground Three by his own testimony several times during the evidentiary hearing. Even though movant claims that his trial counsel failed to move for a continuance, he testified at the hearing that Mr. Taaffe asked for a continuance and the Court gave movant the option to either plea guilty or proceed to trial. H. Tr. 60, 86, 102. The Court notes, however, that the record does not reflect any discussion of a continuance on the first day of trial. Further, Mr. Taaffe testified that he did not remember movant asking him to obtain a continuance to hire a new attorney, and that he did not ask the Court for a continuance on the morning of trial.

Movant testified that he at first asked Mr. Taaffe for a continuance to work on other defenses other than mistake of age, and then later asked for a continuance to obtain new counsel. Movant testified that he had contacted Mr. Juengel's law firm when he was first charged but did not retain him, and would have contacted that firm if he had received a continuance. Movant confirmed that neither he nor any of his family members had spoken to Mr. Juengel's law firm since movant was charged, however, and movant did not know if Mr. Juengel's law firm would take over his case at such a late date.

Mr. Taaffe was not deficient for failing to move for a continuance on the first day of trial in order to allow movant to obtain new counsel. Mr. Taaffe had previously informed movant that he had no viable defense to the charges as the mistake of age defense had been excluded. The jurors were present and the parties and witnesses were prepared for trial. Movant had not contacted alternative counsel before the trial and did not know if Mr. Juengel or his firm would have been willing or able to enter into his defense. Under these circumstances, if Mr. Taaffe had requested a continuance to permit movant to replace counsel on the first day of trial, the Court would have denied the motion. "[C]ontinuances are not favored and should be granted only when a compelling reason has been shown." United States v. Wright, 682 F.3d 1088, 1090 (8th Cir. 2012) (quoted case omitted). "The right to choice of counsel must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." United States v. Robinson, 662 F.3d 1028, 1032 (quoting United States v. Vallery, 108 F.3d 155, 157 (8th Cir. 1997)). "Although [movant] may have been frustrated with [Mr. Taaffe's] performance, last minute requests to substitute counsel must not be allowed to become a tactic for delay." United States v. Cordy, 560 F.3d 808, 817 (8th Cir. 2009). Movant therefore did not suffer prejudice from counsel's failure to request a continuance on the first day of trial.

Further, movant fails to demonstrate a reasonable probability that a continuance and substitute counsel would have resulted in a different outcome in the case. The evidence of movant's guilt was so overwhelming that no counsel could have obtained an acquittal. Movant has therefore failed to show ineffective assistance or resulting prejudice under Strickland.

E. Failure to Adequately Challenge 2008 Search Warrant and 2004 Search

In Ground Four, movant asserts that his trial counsel provided ineffective assistance with respect to a search warrant executed in 2008 and a warrantless search in 2004. No evidentiary hearing was held on this ground, or any of the subsequent grounds discussed below.

1. 2008 Warrant

Movant asserts that his counsel was ineffective for failing to adequately challenge the issuance of the 2008 search warrant on the basis it was not supported by probable cause, and that counsel should have moved for a hearing under Franks v. Delaware, 438 U.S. 154 (1978). Evidence concerning movant's production of child pornography with victim K.G. was seized during execution of a 2008 St. Louis City Circuit Court search warrant. Trial counsel filed a motion to suppress evidence resulting from execution of the warrant on the basis that the search exceeded the warrant's parameters. The search warrant stated that it was for evidence of narcotics, weapons and trafficking, but the relevant items seized contained videos and images of child pornography.

In support of his contention that the 2008 warrant was not supported by probable cause, movant contends that the warrant's assertion there was heavy foot traffic to movant's residence is not supported by the affidavit in support, because there were only three visitors to movant's residence on the first day of surveillance, none the second, and "several" on the third. Movant also contends the warrant was stale because the information linking movant to gang members charged with drug offenses was a decade old, or entirely false; and the confidential informant's information

that "Reesie," or Theresa Strong, lived at the residence was false, as she had not lived there for several months.  Movant also contends the information provided by the confidential informant was lacking in credibility because it did not detail a type of drug, a location for buys, or a source of the information.

The government argues that trial counsel's performance was not deficient because counsel made a reasonable strategic decision to challenge the search warrant on the basis that the items seized were outside the scope of the warrant, and it would have been futile to challenge the issuance of the warrant.

The Fourth Amendment states that "no Warrants shall issue, but upon probable case, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend IV; United States v. White, 356 F.3d 865, 868 (8th Cir. 2004).  "A valid warrant 'must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime, [or] contraband . . . may be found in the place to be searched.'"  United States v. Romo-Corrales, 592 F.3d 915, 919 (8th Cir. 2010) (quoted case omitted).  Probable cause is established when there is a fair probability that the object of the search warrant may be found in the place to be searched.  Id. "Judges 'may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant.'"  United States v. Salamasina, 615 F.3d 925, 931 (8th Cir. 2010) (quoting United States v. Thompson, 210 F.3d 855, 860 (8th Cir. 2000)).  "Whether probable cause . . . has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge 'should be paid great deference by reviewing courts.'"  United States v. McArthur, 573 F.3d 608, 613 (8th Cir. 2009) (quoting United States v. Grant, 490 F.3d 627, 631 (8th Cir. 2007)).

The search warrant was issued on February 13, 2008 by Judge Barbara Peebles of the Circuit Court for the City of St. Louis for the search of 4019(A) Giles, St. Louis, Missouri. The warrant authorized the search of the residence for the following property:

> Illegal Possession of Firearms, Possession of Controlled Substances consisting of Crack Cocaine, Marijuana, Heroin, Drug Paraphernalia, All U.S. currency obtained from illegal drug sales, Weapons, All records and document storage units pertaining to illegal drug sales. Believed to have been used as means for committing the felony of: Violation Missouri Controlled Substance Law, Illegal Firearms Possession.

Search Warrant, Doc. 7, Ex. 1.

The Affidavit in Support of the search warrant states that the affiant police officer was contacted by a confidential informant (C.I.) with whom the officer had worked for several years, whose information had "led to numerous narcotics arrests with several convictions." Aff. at 1. The Affidavit states that the C.I. told the affiant that movant, who the C.I. knew only by the nickname "Kansas," was selling crack cocaine, heroin and marijuana at 4019 'A' Giles, and was illegally in possession of firearms. The Affidavit states the C.I. advised that movant had buyers use the narcotics on site, and boasted about owning firearms. The C.I. stated that movant used his black GMC Suburban to pick up narcotics from an unknown location. A criminal history and arrest record check confirmed that movant resided at 4019 'A' Giles, and used the nickname "Kansas." The affiant obtained a photograph of movant and showed it to the C.I., who positively identified movant as "Kansas." The affiant learned from the First District Nuisance Property Officer that 4019 'A' Giles was declared a "Nuisance Property" in June 2006 because of numerous calls for police service at the residence due to disturbances, loud music emanating from the residence and the resident's black sport utility vehicle, and heavy foot traffic in and out of the residence.

The affiant conducted surveillance of the residence for a two-hour period on three separate days. On the first day, three individuals were seen to enter the residence on separate occasions, stay

approximately 30 to 40 minutes, and then leave the residence. No foot traffic was observed on the second day. On the third day, movant was seen exiting his black Suburban and entering 4019 Giles. Two individuals subsequently entered the residence separately. The affiant stopped the individuals for field interviews and determined that they appeared to be under the influence of narcotics; specifically, the first individual was combative, difficult to understand and constantly moving his/her hands and feet, but did not smell of alcohol, and the affiant concluded his/her actions were consistent with narcotics use. The affiant also believed the second individual to be under the influence of narcotics.

The Affidavit states that movant was arrested on October 2, 2004 for Assault Second Degree, two counts of Statutory Rape Second Degree, Use of a Child in a Sexual Performance, two counts of Abuse of a Child and two counts of Statutory Sodomy. The charges were dismissed due to the "unexpected suspicious death" of the victim (G.D.) reported on May 5, 2005. The affidavit stated that on April 22, 2006, movant was arrested for Unlawful Use of a Weapon and the weapon involved was later found at his residence at 4019 'A' Giles. The Affidavit states that movant had also been arrested for Forcible Sodomy, Kidnapping, Armed Criminal Action, Assault Third Degree, Property Damage, Tampering with Auto, and other assaults. It states that an inquiry of movant's name in the CrimeMatrix System showed him to be linked to several documented gang members who had been charged with drug-related offenses. The Affidavit states that the GMC Suburban was registered to movant at his mother's address on Delmar, and that a Pontiac Firebird was registered to movant at 4019 Giles, second floor/apartment A.

Where a movant argues that his conviction should be set aside for ineffective assistance of counsel for failure to file a motion to suppress evidence, the movant must establish that he was prejudiced by the failure. See DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Where

a movant would have lost on a motion to suppress had it been made, he was not prejudiced by the failure to file. See Iron Wing v. United States, 34 F.3d 662, 665 (8th Cir. 1994). In this case, movant must establish that he was prejudiced by counsel's failure to include in the motions to suppress evidence the argument that the 2008 warrant was not supported by probable cause.

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238 (1983) (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

The Eighth Circuit has explained that reviewing courts "pay 'great deference' to the probable cause determinations of the issuing judge or magistrate, and limit [their] inquiry to discerning whether the issuing judge had a substantial basis for concluding that probable cause existed." United States v. Butler, 594 F.3d 955, 962 (8th Cir. 2010). The Eighth Circuit has also offered guidance as to how information obtained from confidential informants is to be considered:

> When a confidential informant provides information in support of a search warrant, the issuing magistrate considers the informant's reliability and the basis of his knowledge. The totality of the circumstances analysis applicable to probable cause determinations, however, does not mandate that both factors be present before a warrant may issue. The information from a confidential informant is sufficiently reliable if it is corroborated by other evidence, or if the confidential informant has a history of providing reliable information.

Butler, 594 F.3d at 962 (internal citations omitted).

"[A]n affidavit relying on hearsay 'is not to be deemed insufficient on that score, so long as a substantial basis for crediting the hearsay is presented.'" Illinois v. Gates, 462 U.S. at 241-42

(quoting Jones v. United States, 362 U.S. 257, 269 (1960)). Where a confidential informant implicates himself in criminal activity in cooperating with police, this "tends to support a finding of probable cause to search." United States v. Pennington, 287 F.3d 739, 742 (8th Cir. 2002) (citing United States v. Harris, 403 U.S. 573, 583-84 (1971)).

In this case, a reliable C.I. told the affiant that movant was dealing specific types of narcotics out of his residence on Giles, and had boasted of possessing firearms. The Affidavit stated that the C.I.'s reliability had been established because the information he or she previously provided had led to numerous narcotics arrests and several convictions. Through prior police reports and surveillance, the affiant corroborated that there was traffic in and out of movant's residence consistent with narcotics sales. The C.I. told the affiant that movant required people who purchased narcotics from him to use them at the residence. The affiant confirmed that persons leaving movant's residence appeared to be under the influence of narcotics. The affiant also verified information the C.I. had provided about movant's vehicle and that movant had firearms in the past.

Based on the foregoing, the issuing state court judge had a substantial basis for concluding probable cause existed that there would be evidence of narcotics and weapons at movant's residence. If trial counsel had moved to suppress evidence on the basis that probable cause did not exist for the search warrant, there is no reasonable probability the motion would have been granted. Instead, counsel argued that the search exceeded the scope of the search warrant, i.e., that the search warrant was seeking narcotics and firearms and ended up seizing child pornography evidence. The Magistrate Judge agreed with trial counsel that the original search warrant did not encompass the child pornography evidence, but movant's motion to suppress ultimately failed because the Magistrate Judge and this Court found that during execution of the warrant additional evidence was developed that permitted police to seize the computers and media containing child pornography.

Under these facts, the Court finds that counsel's decision not to pursue the probable cause argument in a motion to suppress was not deficient performance and did not prejudice movant, because any motion to suppress on the basis that probable cause for the search warrant was lacking would have been denied. See DeRoo, 223 F.3d at 925 ("[I]f there is no reasonable probability that the motion would have been successful, [movant] cannot prove prejudice."); Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) ("Counsel's failure to raise . . . meritless issues does not constitute ineffective assistance."). The Court finds that movant has not made the requisite showings of deficient performance and actual prejudice entitling him to relief, and this aspect of his ineffective assistance of counsel claim is denied.

2. 2004 Search

In the second part of Ground Four, movant asserts that trial counsel was ineffective for failing to effectively argue that items obtained from a warrantless search of his residence at 4019 'A' Giles in 2004 should have been suppressed. Movant concedes that Theresa Strong consented to a search of his residence, but contends Strong had no actual or apparent authority to consent to the search because she did not reside at 4109 'A' Giles at the time, did not maintain any personal property there, and was not listed on the lease agreement. Movant argues that if trial counsel had "effectively litigated the evidentiary hearing on the motion to suppress . . . evidence of his refusal to consent to the search would have been elicited" that would have invalidated Strong's consent. Movant's Mem. of Law at 25.

Movant's factual assertion that Strong did not live at 4109 'A' Giles is refuted by the record. The Magistrate Judge found that Strong resided with movant at 4109 'A' Giles at the time of the search. Report and Recommendation at 5, 13 ((Doc. 66), No. 4:08-CR-156 CAS). At the first evidentiary hearing, Detective Crocker testified that both movant and the victim, G.D., said that

33

Strong was movant's live-in girlfriend, and that Strong was at the residence when the detective went there. (Hearing H. Tr. of July 15, 2008 at 6 (Doc. 26), No. 4:08-CR-156 CAS). Movant himself testified that as of the date of the search, Strong was his live-in girlfriend and had been for at least a couple of years. (Hearing H. Tr. of Oct. 2, 2008 at 8-9 (Doc. 81)). The Magistrate Judge therefore concluded, and this Court agreed, that Strong lived at 4109 'A' Giles at the time of the search.

Because Strong lived at the residence with movant, she had authority to consent to a search. United States v. Matlock, 415 U.S. 164 (1974). Any motion to suppress asserting that Strong lacked authority to consent to the search would have been without merit and would have been denied. See DeRoo, 223 F.3d at 925 ("[I]f there is no reasonable probability that the motion would have been successful, [movant] cannot prove prejudice."); Thomas, 951 F.2d at 904 ("Counsel's failure to raise . . . meritless issues does not constitute ineffective assistance."). The Court finds that movant has not made the requisite showings of deficient performance and actual prejudice entitling him to relief, and this aspect of his ineffective assistance of counsel claim is denied.

F. Failure to Move to Dismiss Indictment

In Ground Five, movant asserts that his trial counsel was ineffective for failing to file a pretrial motion to dismiss the indictment on the basis that the statute under which he was charged, 18 U.S.C. § 2251(a), is void for vagueness, and/or that the rule of lenity should have been applied. Movant argues that "[t]he intent and jurisdictional element of the statute is of such an unclear nature that it causes individuals to speculate whether or not his [sic] conduct is in fact prohibited by statute." Movant's Mem. of Law at 25-26. Movant does not specify the language of the statute that he contends is too vague to permit him to know if his conduct was prohibited.

The government states that although movant labels this ground as being based on the void for vagueness doctrine, in reality, movant's argument as set forth in his memorandum in support is

that he "could not presumably be aware that his activities with someone he believed to be of legal age were a violation of federal law and could lead to criminal prosecution." Mov.'s Mem. of Law at 26. The government asserts this is simply a restatement of movant's rejected claim on direct appeal that the statute should have contained an element that he knew the victims were minors, see McCloud, 590 F.3d at 566, and the ineffective assistance claim should therefore be denied.

To succeed on a claim of ineffective assistance based on counsel's failure to file a motion to dismiss, the movant must show there was a reasonable probability that such a motion would have been successful. DeRoo, 223 F.3d at 925-26 (stating that counsel's failure to file a motion to dismiss in no way prejudiced the defendant because there was no reasonable probability that the motion would have been successful).

To obtain a conviction for the production of child pornography under § 2251(a), the government must prove beyond a reasonable doubt that a defendant:

> employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct . . . .

18 U.S.C. § 2251(a); see McCloud, 590 F.3d at 566.

The "void for vagueness" doctrine requires that criminal statutes are "drafted with specificity sufficient to give a reasonable person notice that the acts contemplated are illegal." United States v. Freeman, 808 F.2d 1290, 1292 (8th Cir. 1987). The Eighth Circuit has explained that "this does not mean that comprehensive definitions must appear in every criminal statute. The Supreme Court has consistently held that lack of precision, alone, does not violate due process." Id. (citing Roth v. United States, 354 U.S. 476, 491 (1957)). "'[T]he Constitution does not require impossible

standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices[.]" Roth, 354 U.S. at 491 (quoting United States v. Petrillo, 332 U.S. 1, 7–8 (1947)).

As previously stated, movant does not identify what particular language of the statute is vague. Cf. Freeman, 808 F.2d at 1292 (rejecting argument that phrase "lascivious exhibition of the genitals" in former 18 U.S.C. § 2255 (now § 2256) was vague). Therefore, to the extent movant asserts that trial counsel was ineffective for failing to move to dismiss the indictment on the ground that 18 U.S.C. § 2251(a) is void for vagueness, the motion will be denied because it is conclusory and movant cannot show prejudice. See Hollis v. United States, 796 F.2d 1043, 1046 (8th Cir. 1986) (conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255); Smith v. United States, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

Movant also argues that his counsel should have sought dismissal of the indictment based on the rule of lenity because the "intent and jurisdictional element of [§2251(a)] is of such an unclear nature that it causes individuals to speculate whether or not his [sic] conduct is in fact prohibited by statute. Although the statute does not specifically state a mens rea requirement, this silence does not indicate Congress intended to dispense with such a requirement." Movant's Mem. of Law at 25-26. Movant further states he "could not be presumably aware that his activities with someone he believed to be of legal age were a violation of federal law and could lead to criminal prosecution." Id. at 26. Thus, it is clear movant's rule of lenity argument is based on the premise that § 2251(a) is ambiguous because it does not explicitly contain a mens rea element.

The rule of lenity provides that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." Cleveland v. United States, 531 U.S. 12, 25 (2000) (quoted case

omitted). The rule should not be invoked if the claimed ambiguity in the statute can be otherwise resolved, <u>United States v. Kowal</u>, 527 F.3d 741, 747 (8th Cir. 2008), or where a statute is not ambiguous. <u>United States v. Sidney</u>, 648 F.3d 904, 909 (8th Cir. 2011), <u>abrogated on other grounds by</u> <u>Dorsey v. United States</u>, 132 S. Ct. 2321, 2331 (2012).

The Supreme Court has stated that persons who produce child pornography may be convicted under § 2251(a) without proof they had knowledge of age. <u>X-Citement Video</u>, 513 U.S. at 77 n.5. The Eighth Circuit has held that § 2251(a) contains no scienter requirement and producers of child pornography are not entitled to any mens rea safeguard. <u>Wilson</u>, 565 F.3d at 1066-67; <u>United States v. Pliego</u>, 578 F.3d 938, 943-44 (8th Cir. 2009). Moreover, on direct appeal of his conviction, movant argued that § 2251(a) was unconstitutional because it does not require a mens rea for the minor's age and does not permit a reasonable mistake of age defense, in violation of his First Amendment free speech rights and Fifth Amendment due process rights. <u>See</u> <u>McCloud</u>, 590 F.3d at 566. The Eighth Circuit rejected these arguments.

Based on the holdings in <u>X-Citement Video</u>, <u>Wilson</u> and <u>Pliego</u>, § 2251(a) is not ambiguous because it does not contain a mens rea element, and therefore the rule of lenity may not be invoked. <u>See</u> <u>Sidney</u>, 648 F.3d at 909. Any motion to dismiss the indictment based on the rule of lenity would therefore have been without merit and movant can show no reasonable probability that such a motion would have been granted, particularly where movant's related constitutional challenge was raised and rejected on direct appeal. As a result, movant's trial counsel was not ineffective for failing to file a motion to dismiss the indictment based on the rule of lenity, and movant cannot show any prejudice as a result of that failure. <u>See</u> <u>DeRoo</u>, 223 F.3d at 925-26.

G.  <u>Failure to Object to Prejudicial Testimony and Evidence</u>

In Ground Six, movant asserts that counsel was ineffective because (1) counsel failed to object to prejudicial testimony regarding (a) physical assaults and a missing tooth, (b) 2004 allegations against movant that were never charged, (c) evidence of the death of victim G.D., and (d) a blue bag containing photographs of movant with other women; (2) counsel should have requested a limiting instruction regarding the "testimony of abuse and death;" (3) counsel failed to object when the counts against movant were not renumbered after Counts II, III and IV were dismissed; and (4) counsel failed to object when the prosecutor handed movant a photograph and counsel knew that movant could not see it because he lacked proper eyewear.  Movant does not support his arguments in Ground Six with any citation either to the record or to supporting legal authority.

The government responds that movant fails to establish prejudice from trial counsel's purported inaction.  The government states that in light of the overwhelming evidence that movant photographed himself engaged in sex acts with three minors – specifically, photographs and videos of the sex acts were introduced, and two of the victims testified that movant had sex with them and photographed the acts – movant cannot establish that any of the claimed errors of trial counsel caused him prejudice.

To obtain relief on a claim that counsel was ineffective for failing to object to evidence, a § 2255 movant must show that there is a reasonable probability that if an objection had been made, it would have been sustained, and the result of the proceeding would have been different.  See Sinisterra v. United States, 600 F.3d 900, 911 (8th Cir. 2010); Apfel, 97 F.3d at 1076-77; see also Strickland, 466 U.S. at 694 (when determining if prejudicial deficient performance by counsel exists, a court "must consider the totality of the evidence before the judge or jury.").

Despite movant's complete failure to provide any citation to the record to support his assertions of trial counsel error, the Court has carefully read the entire trial transcript. In each instance where movant asserts that trial counsel should have objected to evidence or testimony, or requested a limiting instruction, i.e., the claims identified above as (1)(a)-(d) and (2), the Court concludes that any objection would have been overruled and movant can show no prejudice. This conclusion is based in part on the very strong evidence presented against movant.

Movant asserts that trial counsel was ineffective for failing to request renumbering of the remaining counts after the three possession counts were dismissed and, as a result, the jury was led to believe that other victims existed. This assertion is mere speculation and is not supported by any facts tending to show prejudice. Cf. Lister v. Jones, 2009 WL 2163514, at *6 (W.D. Okla. 2009) (habeas petitioner failed to show he suffered any prejudice as a result of court's failure to renumber counts or counsel's failure to request renumbering, and offered mere speculation), aff'd 357 F. App'x 176 (10th Cir. 2009). Movant does not show any facts tending to establish a reasonable probability that the result of the proceeding would have been different had counsel requested renumbering of the remaining counts. In light of this failure and the very strong evidence against movant, the Court finds that movant cannot establish prejudice.

Finally, movant asserts that trial counsel was ineffective for failing to object when the prosecutor handed movant a photograph that he could not see because he lacked "proper eyewear," so he was "put in a position to deny that the photo was one of the victim's" which "led the jury to believe that other victims existed for which [movant] was not charged." Movant's Mem. of Law at 29. Movant does not cite to the transcript or otherwise identify the factual basis for this claim. As a result, it is conclusory and subject to summary dismissal. See Hollis, 796 F.2d at 1046 (conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255); Smith,

677 F.2d at 41 (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). Further, the claim is speculative and appears to lack a factual basis.[5]

### H. Failure to Explain Limitations on Movant's Defense and to Assert Viable Defenses

In Ground Seven, movant asserts that trial counsel was ineffective for failing to explain the effect of the Court's ruling on a motion in limine that the victims' sexual history would not be admissible at trial, because if movant had known this, he would not have testified at trial. Movant also asserts that trial counsel put on the "damaging" testimony of Makala Todd and movant's "incriminating" testimony "absent any sort of trial strategy." Movant's Mem. of Law at 30.

Movant also asserts that trial counsel was ineffective for failing to question victim C.W.'s testimony that she and movant brought film to Walmart to be developed, because "Wal-Mart [sic] has a policy that precludes such images from being developed there." Id. Finally, movant asserts that trial counsel failed to challenge the jurisdictional facts that movant did not use Fuji film paper (relevant to victims G.D. and C.W.), and did not use camera memory cards (relevant to victim K.G.).

---

[5]The Court has carefully reviewed the trial transcript. Although it is undisputed that movant had vision difficulties, at no point during the trial did movant state that he was unable to see or could not identify what was in a particular exhibit. On direct examination, movant was able to identify an exhibit showing his MySpace page, Tr. Vol. III 14; identified photographs of victims G.D. and C.W. on cross-examination, id. at 36, 41, 42; and testified that videos shown to the jury were of victim K.G. Id. at 44. Movant testified at several points that he could not remember if he had taken specific photographs of the victims, or if the photographs were taken at one location as opposed to another, id. at 38-43, but never testified that he could not adequately see or identify any document, photograph or video.

The Court assumes that movant's claim refers to an instance on cross-examination when the prosecutor handed movant nine photographs and asked if they were all of victim C.W., and movant responded that one of the photographs was not. Tr. Vol. III 41. This response objectively indicates that movant could see and identify the persons in the photographs. If movant was in fact unable to see well enough to identify the persons in the photographs, he could have so testified. Counsel cannot be deemed ineffective for failing to object to something that was exclusively within movant's knowledge, i.e., movant's claimed inability to see photographs handed to him by the prosecutor.

The government responds that movant's claims are refuted by the record. First, the government states that in movant's presence, the Court granted the government's motion to exclude evidence of the victims' prior sexual history before jury selection began, Tr. Vol. I at 136-37, so it was apparent that the victims' sexual history would not be admissible. The government states that movant nonetheless chose to testify, including offering testimony concerning C.W.'s sexual history. Tr. Vol. III at 29. The government further responds that even if movant had not testified, there was overwhelming evidence he committed the offenses, and therefore he cannot show prejudice.

With respect to movant's assertion that trial counsel was ineffective because he "failed to challenge the fact that Petitioner did not use Fuji film paper," Movant's Mem. of Law at 30, the government states that jurisdiction for the production of child pornography counts involving victims G.D. and C.W. was based upon the fact that the sexually explicit images were on Fuji brand photographic paper, established by testimony that the back of the images stated "Fujicolor crystal archive paper." Tr. Vol II, at 55-56, 86. The government states that the Eighth Circuit found that the use of the Fuji film paper was a sufficient basis for federal jurisdiction, McCloud, 590 F.3d at 568, so trial counsel cannot be found to be ineffective for failing to make frivolous arguments.

With respect to movant's assertion that trial counsel was ineffective because he "failed to challenge the fact that Petitioner did not use memory cards," Mem. of Law at 31, the government responds that federal jurisdiction for the production of child pornography count involving victim K.G. was based upon the fact that videos of K.G. engaged in sexually explicit conduct were located on a Lexar Smart card found in the Kodak camera seized from movant's residence. This fact was established by the testimony of Detective Brian Mize, Tr. Vol. II, 10-11, 16, who also testified that the memory card was manufactured in Taiwan and shipped to the United States. Id. at 12. The government states that movant testified that he took the sexually explicit videos of K.G., but denied

he used the Kodak camera or the Lexar Smart card, Tr. Vol. III, 44-45, and the jury obviously did not believe him. The government further states that trial counsel did in fact assert there was insufficient evidence movant used the Lexar Smart card, in moving for acquittal at the close of all the evidence. Tr. Vol. III, 46. The Court denied the motion for acquittal, however, and the Eighth Circuit found that the use of the Lexar Smart card was a sufficient basis for federal jurisdiction. McCloud, 590 F.3d at 568. Thus, the government states that movant's assertion is refuted by the record and counsel was not ineffective.

The Court finds that trial counsel was not ineffective for failing to adequately explain the Court's ruling that evidence of the victims' sexual history would not be allowed, as the Court made this ruling on the record, in plain language, in defendant's presence. Movant's assertion concerning the "damaging" testimony of witness Makala Todd is entirely conclusory and movant cannot show prejudice. See Hollis, 796 F.2d at 1046 (conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255); Smith, 677 F.2d at 41 (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). With respect to movant's own testimony, as discussed *supra*, the Court concludes that movant fails to establish either deficient performance of counsel or prejudice.

Movant's assertion that counsel was ineffective for failing to "question" victim C.W. about her testimony that she and movant took film to be developed at Walmart is conclusory, and movant cannot show prejudice. See Hollis, 796 F.2d at 1046 (conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255); Smith, 677 F.2d at 41 (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

Movant's assertion that trial counsel was ineffective for failing to challenge the fact that movant did not use Fuji film paper is meritless, as there was uncontroverted evidence the

42

photographs of G.D. and C.W. were printed on Fuji Color Crystal Archive Paper, and the Eighth Circuit concluded the use of the Fuji paper was sufficient to establish a basis for federal jurisdiction. McCloud, 590 F.3d at 569-70. Counsel will not be deemed ineffective for failing to raise a meritless argument. See Thomas, 951 F.2d at 904. Finally, movant's assertion that trial counsel was ineffective for failing to "challenge the fact that Petitioner did not use memory cards" is refuted by the record, as counsel did challenge this fact.

I. Remaining Grounds

Movant lists several additional grounds in the § 2255 motion but fails to mention these grounds in his supporting Memorandum of Law. The additional grounds are that trial counsel was ineffective when he: (1) failed to argue the fatal variance in the charging document (Ground 8); (2) failed to effectively introduce relevant evidence (Ground 9); (3) failed to obtain eyeglasses for movant so that movant could adequately participate in the defense of his case (Ground 10); and (4) failed to proffer movant's testimony, without having him testify (Ground 11).

The Eighth Circuit has held that claims consisting of mere conclusory allegations such as these, unsupported by specifics, are proper subjects for summary dismissal. Smith, 677 F.2d at 41; United States v. Goodman, 590 F.2d 705, 711 (8th Cir. 1979). Other courts have explained that absent a "specific, affirmative showing of what the missing evidence or testimony would have been, 'a habeas court cannot even begin to apply Strickland's standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether petitioner was prejudiced by any deficiencies in counsel's performance.'" Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (quoting United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir. 1991)).

Movant's failure to support grounds 8 through 11 with any discussion of supporting facts, argument, or citation to legal authority warrants the summary dismissal of each ground.[6]  In addition, the Court has rejected movant's assertion that his lack of corrective eyewear prejudiced his defense, so dismissal of Ground 10 is also appropriate on that basis.[7]  Finally, movant's assertion that counsel was ineffective for failing to proffer movant's testimony, without having him testify, is also without merit based on the Court's finding that movant made an informed decision to testify on his own behalf, and because movant does not articulate how counsel should have "proffered his testimony" without movant actually testifying, or what the proffer should have contained.

## VI.  Conclusion

For the foregoing reasons, the Court finds that each of the grounds raised in movant Donnell McCloud's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit.  Government Exhibits 1-5 from the evidentiary hearing will be returned to respondent, and respondent shall retain the exhibits throughout the pendency of any appeals or until the time for appeal has expired.

Accordingly,

**IT IS HEREBY ORDERED** that movant Donnell McCloud's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**.  [Doc. 1]

---

[6]Specifically, Ground 8 is insufficient because movant does not identify what the variance was.  Ground 9 is insufficient because movant does not identify the relevant evidence that should have been introduced.

[7]Movant's attempt to bolster Ground 10 by addressing it in his Reply memorandum is ineffective, as this does not give the government the opportunity to respond to it.  Further, Ground 10 is without merit because, as discussed above, the record contains no evidence to support movant's assertion that he could not adequately see to identify persons in photographs, and instead appears to refute that assertion.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of January, 2015.