UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONNELL MCCLOUD, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:11-CV-1721 CAS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed federal habeas matter under 28 U.S.C. § 2255 is before the Court on federal prisoner Donnell McCloud's motion for "Rule 60(b) Relief from a Judgment or Order." The motion will be dismissed for failure to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive motion under § 2255.

**I. Background**

On November 26, 2008, a federal jury found movant guilty on three counts of Production of Child Pornography. On February 29, 2009, the Court sentenced movant to thirty years on each of the three counts, the sentences to run concurrently. Movant filed a direct appeal, but the Eighth Circuit Court of Appeals affirmed the conviction on December 29, 2009. United States v. McCloud, 490 F.3d 560 (8th Cir. 2009). On October 3, 2011, movant filed a motion under § 2255 to vacate, set aside, or correct his sentence. The Court held an evidentiary hearing on some of the claims in movant's § 2255 motion, and issued a Memorandum and Order denying all of movant's § 2255 claims on January 15, 2015. The Court declined to issue a certificate of appealability. Movant filed

an appeal, but the Eighth Circuit Court of Appeals also declined to issue a certificate of appealability. Movant filed the instant Rule 60(b)(6) motion on September 28, 2016.[1]

## II. Discussion

### A. *Standard for Review of 60(b) Motion in Closed Habeas Proceeding*

A federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3). The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. Boyd, 304 F.3d at 814. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam) (citing United States v. Patton, 309 F.3d 1093 (8th Cir. 2002) (per curiam), and Boyd, 304 F.3d at 814).

The Supreme Court has held that a state prisoner's Rule 60(b) motion challenging the denial of federal habeas corpus relief that merely alleges a defect in the integrity of the habeas proceedings

---

[1] Movant filed an identical Rule 60(b)(6) motion in his closed criminal case, United States v. McCloud, No. 4:08-CR-156 CAS. That motion will be summarily dismissed for the reasons stated in this Memorandum and Order.

2

and does not attack the merits of the decision to deny the petition or present new grounds for relief from the state conviction is not a second or successive habeas petition subject to the restrictions on such petitions set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005) (Rule 60(b) motion challenging district court's previous ruling on AEDPA statute of limitations was not the equivalent of a successive habeas petition). In contrast, the Supreme Court has instructed that Rule 60(b) motions should be treated as second or successive habeas petitions where they assert or reassert a federal basis for relief from the underlying conviction, including where a motion seeks to present a claim of constitutional error omitted from the movant's initial habeas petition, or seeks vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim. Id. at 531-32.

The Eighth Circuit has explained that under Gonzalez, "A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim *on the merits*.'" Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009) (quoting Gonzalez, 545 U.S. at 530, 532). "'On the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254 (a) and (d)." Id. (quoting Gonzalez, 545 U.S. at 532 n.4.) "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA." Id.

The Supreme Court limited its holding in Gonzalez to the application of Rule 60(b) in habeas proceedings filed by state prisoners under 28 U.S.C. § 2254, see Gonzalez, 545 U.S. at 529 n.3, even though the provisions of §§ 2254 and 2255 concerning second or successive motions are "similar."

3

Id. The Eighth Circuit has applied the Gonzalez analysis to second or successive motions under § 2255, however. See Ward, 577 F.3d at 933.

B. *Movant's Motion for Rule 60(b)(6) Relief*

Rule 60(b) provides that a court may grant relief from a judgment for the following specified grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60.

Movant's motion is based solely on Rule 60(b)(6). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).

Movant's motion raises the following three issues: (1) movant's retained habeas counsel fraudulently told him that counsel would include a claim in the § 2255 indictment based on a fatal variance in the charging indictment, but counsel intentionally failed to include such a claim; (2) in ruling on the § 2255 motion, this Court did not properly analyze defense counsel's role in the criminal case under Strickland,[2] as it "never weighted [sic] on how counsel['s] deficient performance prejudiced the defense," Mot. at 10; and (3) "§ 2255 was [the] improper vehicle to test petitioner's

---
[2]Strickland v. Washington, 466 U.S. 668 (1984).

4

constitutional claims" concerning the denial of movant's requests for a trial continuance, an attorney of his choice, and to proceed pro se, because these issues were "kept from the trial record" by the trial court and the "omitted proceedings prevented meaningful appellate review." Mot. at 12.

The Court concludes that the three issues movant raises assert "claims" as defined in Gonzalez, because each issue asserts a basis for relief from the judgment of conviction or attacks this Court's previous resolution of the claim on the merits. See Gonzalez, 544 U.S. at 532. As a result, movant's motion must be treated as a second or successive petition under AEDPA and dismissed. See Ward, 577 F.3d at 933.

Movant's assertion that his retained habeas counsel misled him by omitting from the § 2255 motion a claim concerning a fatal variance in the indictment comprises, in substance, an allegation of ineffective assistance of counsel. The Eighth Circuit has instructed that "[a]lthough an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel." Ward, 577 F.3d at 932 (citing Gonzalez, 545 U.S. at 532 n.5). Such as assertion is a "claim" because it "in effect asks for a second chance to have the merits determined favorably." Id. at 939 (Melloy, J., concurring) (quoting Gonzalez, 545 U.S. at 532 n.5). This is exactly what movant's first issue seeks.

Movant's second issue, that this Court failed to properly apply the Strickland analysis to his ineffective assistance of counsel claims, presents a claim because it directly attacks this Court's previous resolution of movant's § 2255 claim on the merits. See Gonzalez, 545 U.S. at 532.

Movant's third issue, that a § 2255 motion was the improper vehicle to test his constitutional claims concerning the denial of his request for a trial continuance, for an attorney of his choice, and to proceed pro se, presents a claim because it both directly attacks this Court's previous resolution

of movant's § 2255 claim on the merits, and offers new grounds for relief from movant's underlying conviction based on alleged trial court error. See Gonzalez, 545 U.S. at 532.

**III. Conclusion**

For the foregoing reasons, Rule 60(b)(6) does not provide movant with a means to challenge his sentence, because the relief he seeks is properly brought as a second or successive § 2255 motion. Movant did not obtain advance authorization from the Eighth Circuit Court of Appeals to file the instant motion, as required by law. See Lambros, 404 F.3d at 1037. As a result, the Court will dismiss the motion under Rule 60(b)(6) for movant's failure to obtain authorization from the Court of Appeals. See Boyd, 304 F.3d at 814.

Accordingly,

**IT IS HEREBY ORDERED** that movant Donnell McCloud's motion under Rule 60(b)(6) for Relief from a Judgment or Order is **reclassified** as a second or successive § 2255 Motion to Vacate, Set Aside, or Correct Sentence. [Doc. 31]

**IT IS FURTHER ORDERED** that movant's Motion is **DISMISSED** for failure to obtain prior authorization from the Eighth Circuit Court of Appeals. [Doc. 31]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of October, 2016.